|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| TINA ALVARADO, | ) Case No. CV 16-07380-DFM |
|---|---|
| Plaintiff, | ) |
| v. | ) MEMORANDUM OPINION AND ) ORDER |
| NANCY A. BERRYHILL, Deputy Commissioner of Operations, performing duties and functions not reserved to the Commissioner of Social Security,[1] | ) ) ) ) ) ) |
| Defendant. | ) ) |

Plaintiff Tina Alvarado ("Plaintiff") appeals from the final decision of the Social Security Commissioner denying her applications for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons discussed below, the Commissioner's decision is affirmed and this matter is dismissed with prejudice.

///

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Social Security Commissioner. Thus, she is automatically substituted as the defendant under Federal Rule of Civil Procedure 25(d).

# I.
# BACKGROUND

On November 29, 2010, Plaintiff filed applications for DIB and SSI alleging disability beginning on December 1, 2009. See Administrative Record ("AR") 317-22, 323-31. Her applications were denied both initially and on reconsideration. See AR 179-83, 187-95. Plaintiff then requested and received a hearing before an administrative law judge ("ALJ"), during which the ALJ heard testimony by Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See AR 40-71. On March 27, 2015, the ALJ issued an unfavorable decision. See AR 17-28.

The ALJ determined that Plaintiff had the severe impairment of degenerative disc disease of the lumbar spine, but found that Plaintiff's impairment did not meet or medically equal the severity of a listed impairment. See AR 22. The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to lift and carry 10 pounds frequently and 20 pounds occasionally; sit for 6 out of 8 hours; stand and walk for 4 out of 8 hours while alternating positions every 30 to 45 minutes; climb stairs, stoop, kneel, crawl, and crouch occasionally; and never climb ladders. See AR 23. In reaching this conclusion, the ALJ determined that Plaintiff's testimony was "not entirely credible." AR 24.

The ALJ determined that Plaintiff could perform her past relevant work as a medical assistant. See AR 26. Based on the VE's testimony, the ALJ also found that Plaintiff could perform other work available in the national economy. See AR 27. Thus, the ALJ concluded that Plaintiff was not disabled. See AR 28.

On August 1, 2016, the Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 1-3. Plaintiff then sought review by this Court. See Dkt. 1.

## II.

## DISCUSSION

The parties dispute whether the ALJ properly considered Plaintiff's symptom testimony. See Joint Stipulation ("JS") at 4.

### A. Applicable Law

The court engages in a two-step analysis to review the ALJ's evaluation of the plaintiff's symptom testimony. See Trevizo v. Berryhill, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether the plaintiff has presented objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged. See id. If the plaintiff meets the first step and there is no affirmative evidence of malingering, the ALJ must provide specific, clear and convincing reasons for discrediting the plaintiff's complaints. See Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the [plaintiff's] complaints." Brown-Hunter v. Colvin, 806 F.3d 487, 493 (9th Cir. 2015) (as amended) (citation omitted). The ALJ may consider, among other factors, a plaintiff's reputation for truthfulness, inconsistencies in her testimony, inadequately explained failures to seek treatment or to follow a prescribed course of treatment, her work record, and her daily activities. See Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) (as amended); Smolen v. Chater, 80 F.3d 1273, 1283-84, 1284 n.8 (9th Cir. 1996). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second[ ]guessing." Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002).

///

///

///

**B.   Analysis**

At her hearing, Plaintiff testified that she stopped working in 2007 after injuring her lower back at work. See AR 49. The pain continued, but she did not seek surgery to correct the problem. See id. Plaintiff testified that she tried working again after a few years, but the "24-hour pain that [she] deal[s] with every day" prevented it. AR 50. She explained that the pain level became intolerable "every day" to "once every two weeks." AR 55. The ALJ gave specific, clear and convincing reasons for discrediting this testimony.

First, the ALJ noted that Plaintiff's allegations of disabling pain were not supported by objective medical evidence. See AR 24. "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in [her] credibility analysis." Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005); see also Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Medical records indicate that Plaintiff exhibited paravertebral tenderness, see AR 486, paravertebral spasms, see AR 586, 589, 592, 595, 600, and a decreased range of motion along her lumbar spine, see AR 444, 447, 450. Those same records, however, also show a history of negative straight-leg raising tests and intact sensation, see AR 595, 600, 602, 627, 642, 648, 651, 654, 657, 665, 681, 684, 687, 690, 693, 696, 699, 702, 706, 710, and normal motor functioning, see AR 450, 486, 630, 633, 638-39, 645, 648, 661. Moreover, a state agency consultative examiner observed no antalgic gait, limp, or weakness upon heel to toe in Plaintiff's walk. See AR 504. These records and findings support the ALJ's conclusion that, while Plaintiff suffers from back pain, her condition is likely not disabling. See White v. Colvin, No. 14-00334, 2016 WL 5109519, at *4 (E.D. Wash. Sept, 19. 2016) (finding "full motor strength [and] normal gait and intact sensation" inconsistent with disabling back pain); see also Garza v. Colvin, No. 14-4425, 2015 WL 1285307, at *9 (C.D. Cal. Mar. 20, 2015) (finding allegations of disabling pain

not credible where claimant exhibited negative straight-leg raising, no antalgic gait, and normal standing on heel and toe). The ALJ validly considered inconsistency with the objective medical evidence as one of several factors supporting her decision to discount Plaintiff's symptom testimony. See Burch, 400 F.3d at 681.

Second, the ALJ permissibly discounted Plaintiff's credibility because her daily activities were inconsistent with her alleged limitations. At the time of her hearing, Plaintiff attended school for four hours every weekday with the assistance of standing when her back hurt. See AR 56. Plaintiff's ability to attend school belies her complaints of disabling pain. See Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) (discounting plaintiff's assertion that he could not work because he attended school three days per week). Moreover, Plaintiff acknowledged that with the assistance of a back brace, taking breaks, and her mother's help, she cleaned, cooked, and shopped. See AR 401-03. The extent of these domestic activities support the ALJ's conclusion that Plaintiff was less than fully credible when reporting the severity of her impairment. See Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1991) (finding that claimant's ability to "take care of her personal needs, prepare easy meals, do light housework, and shop for some groceries . . . may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citing Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989)). Where, as here, a "claimant engages in daily activities inconsistent with the alleged symptoms," an ALJ may discredit her testimony of totally disabling impairment. Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted).

Next, the ALJ permissively discounted Plaintiff's symptom testimony because her treatment involved "no more than conservative pain management, including [Vicodin, ibuprofen, and Lidocaine patches], epidural steroid injections, SI joint injections, physical therapy, back bracing, and chiropractic

care." AR 24. "[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007) (internal citation omitted); see also Fair, 885 F.2d at 604 (finding that claimant's allegations of persistent, severe pain and discomfort were belied by "minimal conservative treatment"). Notwithstanding Plaintiff's argument to the contrary, the ALJ did not err in concluding that relatively conservative forms of treatment like Vicodin and epidural injections belied Plaintiff's allegation of disabling back pain. See Medel v. Colvin, No. 13-2052, 2014 WL 6065898, at *8 (C.D. Cal. Nov. 13, 2014) (considering Vicodin part of a conservative treatment routine); Gallo v. Comm'r of Soc. Sec. Admin., No. 07-01561, 2010 WL 545848, at *8 (N.D. Cal. Feb. 12, 2010) (describing epidural steroid injections as "conservative treatment"), aff'd, 449 F. App'x 648 (9th Cir. 2011). The ALJ thus validly relied on Plaintiff's conservative treatment to discount the credibility of her symptom testimony.[2]

      Finally, the ALJ properly weighed Plaintiff's treatment history against her credibility in light of its effectiveness. See Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling . . . .") (citations omitted). Plaintiff reported that her pain was "95% better" after a 2011 epidural injection, AR 450, and that she felt "much better" and was "more active" after receiving SI injections in 2012, AR 629. She also told the ALJ

---

[2] Although the ALJ stated that Plaintiff "was advised only to engage in heat/ice treatment and use topical analgesics and over-the-counter anti-inflammatory medications," AR 24-25, the record shows that Plaintiff was advised to take prescription medication and steroid injections as needed in 2013 and 2014, see AR 665, 673, 681, 690, 697, 700, 706-07, 711, 715. But this discrepancy does not undo the ALJ's finding that Plaintiff's conservative treatment regimen undermined her allegation of disabling back pain.

6

that physical therapy has "helped [her] a lot" and allowed her "to do more things without pain." AR 61. In fact, by late 2012 and throughout 2013 and early 2014, Plaintiff consistently reported experiencing only "moderate" pain. AR 647, 650, 653, 656, 664, 672, 680, 683, 686, 689, 692, 695, 698. This positive response to conservative treatment supports the ALJ's decision to view Plaintiff's symptom testimony as less than fully credible. See Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008) (finding that a positive response to physical therapy and anti-inflammatory medication "undermine[d Plaintiff's] reports regarding the disabling nature of his pain").

On appellate review, the Court's role is not to reweigh the evidence supporting or undermining Plaintiff's credibility. Instead, the Court merely asks whether the ALJ properly identified clear and convincing reasons for discrediting Plaintiff's subjective testimony. See Smolen, 80 F.3d at 1284. When clear and convincing reasons are given, this Court may not engage in second-guessing. See Thomas, 278 F.3d at 959; see also Fair, 885 F.2d at 604. Having relied on the objective medical evidence, Plaintiff's daily activities, and Plaintiff's conservative and effective treatment history, the ALJ provided sufficiently specific, clear and convincing reasons for discounting Plaintiff's subjective complaints about the severity of her back pain. Reversal is therefore not warranted.

### III.
### CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: June 22, 2018

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

7